## Vanmeter v. Commonwealth.

(Decided May 28, 1926.)

## Appeal from Edmonson Circuit Court.

1. Indictment and Information—Insertion of Name "Vincent" Instead of "Vanmeter" in Caption of Indictment as Name of Defendant Held Not to Make it Demurrable.—Insertion of name "Vincent" instead of "Vanmeter" in caption of indictment as name of defendant held not to make it demurrable, where in all other places, in body of indictment, correct name was used.

2. Intoxicating Liquors—Indictment Alleging that Defendant Possessed "Spirituous, Malt, and Intoxicating Liquors, To-wit, Still Beer," Held Not Demurrable as Not Charging Still Beer to be Intoxicating.—Indictment alleging that defendant possessed "spirituous, malt, and intoxicating liquors, to-wit, still beer," held not demurrable on ground that it did not charge still beer to be, intoxicating.

3. Intoxicating Liquors—Evidence Held Sufficient to Support Conviction for Possessing Intoxicating Liquor, and Motion at Conclusion of Evidence to Find Defendant Not Guilty was Properly Overruled.—Evidence held sufficient to support conviction for possessing intoxicating liquor, and motion at conclusion of evidence to find defendant not guilty was properly overruled.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE GOODPASTER—Affirming.

Nathan Dick Vanmeter was indicted and convicted. in the Edmonson circuit court for unlawfully having in his possession spirituous, malt and intoxicating liquors. His punishment was fixed at a fine of $100.00 and confinement in the county jail for a period of 30 days.   He has appealed to this court.   He insists that the court below erred in overruling his demurrer to the indictment for two reasons:     (a) The caption of the indictment makes Nathan Dick Vincent the defendant; (b) for the alleged reason that the indictment did not charge still beer to be intoxicating.

The caption of the indictment is as follows:

"Edmonson Circuit Court.

March term, 1925.

The Commonwealth of Kentucky ⎫
                  vs.                          ⎬  Indictment."
      Nathan Dick Vincent       ⎭

However, the indictment reads as follows:

The grand jury of Edmonson county, in the name and by the authority of the Commonwealth of Kentucky, accuse Nathan Dick Vanmeter of the offense of unlawfully having in possession spirituous, malt and intoxicating liquors, committed as follows, to-wit: the said Vanmeter heretofore, to-wit: on the............day of............, A. D. 192....., and before the finding of this indictment in the county aforesaid, did unlawfully have and keep in his possession spirituous, malt and intoxicating liquors, to-wit: still beer, for other than medicinal, mechanical scientific or sacramental purposes in the Commonwealth of Kentucky, done as aforesaid within the year last past and against the peace and dignity of the Commonwealth of Kentucky."

We are unable to see how the insertion of the name Vincent in the caption of the indictment impaired the substantial rights of appellant.   It will be seen by reading the indictment that it charges that the defendant "did unlawfully have and keep in his possession spirituous, malt and intoxicating liquors, to-wit: still, beer, etc." It is our opinion that the action of the court in overrul-

ing the demurrer to the indictment was proper. The appellant moved the court at the conclusion of the evidence to find him not guilty, which the court overruled.

The Commonwealth introduced as a witness Claude James, who testified in part substantially as follows: "I am deputy sheriff of Edmonson county; I am acquainted with Nathan Dick Vanmeter; know where he lives. I was before the grand jury at the last March term of court. I went over on the land that appellant told me was his and found beer about 150 yards from his house and it was close to a path that went by his house; and we found three barrels of beer over there and a furnace there and we destroyed that beer there and went on over to this old house between where this beer was and the place where he lives. The old house was about 50 or 65 yards from this beer. We found at the old house a big jar that will hold five or six gallons and some still beer in it; we found a bucket too there and some beer in it and a funnel or two and a pint measure and a barrel setting there with beer in it that had been emptied. It had meal in the bottom of the barrel. I have had considerable experience with still beer and mash. It was the kind you use to make whiskey. The beer that I found was intoxicating; and that was in this county and just before the March grand jury."

The Commonwealth introduced Noah Reed as a witness who testified that he had known appellant 25 or 30 years, that he was acquainted with his general reputation in the neighborhood where he lived from what the people said about him as to whether he is a moonshiner, a bootlegger and a dealer in illicit liquor, and that his reputation is bad.

The defendant introduced himself as a witness and testified in part substantially as follows: That he didn't know where the beer was that it was claimed was found on his land until Claude James and Owen Mitchell took him to it; that he didn't tell them it was on his land; that it was on the Goins' land, about 250 yards around the hillside up the holler; that he didn't know it was up there at that time; that he had no interest in it; that it was 50 yards off his land; that he had no control whatever over the land on which it was found and had no interest in the land.

Appellant introduced David John Carroll, who testified in part substantially as follows: I am acquainted with

the farm owned by Dick Vanmeter and am also ac-
quainted with the place where they said they found this
beer. It is on the Goin track or Winfield Goin's. On
cross-examination he was asked the following questions:

"Q. Do you know where that old house is?
A. Yes, sir, that is where Nathan first lived.
"Q. Do you know whether that is on his land?
A. Yes, sir, that is.
"Q. Do you know whether the yard is on his
land? A. Yes, sir, I guess so.

On re-direct examination he testified:

There was no beer found in the old house; that
he went with them by the house and past the house.

Appellant introduced Stoy Asher, who testified in
part substantially as follows: I live over there at
Nathan's; I am acquainted with Nathan Dick's farm;
know the Goin place; I am acquainted with the place that
Claude James and Owen Mitchell found the beer in; I
went with them out there; it was on old man Goin's land;
there was no fence around it.

The instructions were correct. On the whole case
we conclude that the appellant has had a fair trial and
that the verdict of the jury should not be disturbed.

Judgment affirmed.